UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey A. Olson,<br><br>Plaintiff,<br><br>v.<br><br>Hennepin County,<br><br>Defendant. | Case No. 21-cv-2661 (SRN/DTS)<br><br>MEMORANDUM OPINION AND ORDER |

Jeffrey A. Olson, 380 West Bert Street, P.O. Box 536, Lake Crystal, MN 56055, Pro Se.

Faruq Karim and James W. Keeler, Jr., Hennepin County Attorney's Office, 300 South Sixth Street, Suites A2000 & C2000, Minneapolis, MN 55487, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion to Dismiss [Doc. No. 8] filed by Defendant Hennepin County. It is also before the Court on the Motion for Summary Judgment [Doc. No. 17] filed by Plaintiff Jeffrey Olson. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** Defendant's motion to dismiss and **DENIES** Plaintiff's motion for summary judgment.

I.     BACKGROUND

   A.     The Parties

Plaintiff Jeffrey Olson is a *pro se* litigant who resides in Minnesota. (*See* Compl. [Doc. No. 1] at 1.) Defendant Hennepin County is a political subdivision of the State of Minnesota. (*See id.* at 1, 6.)

1

### B. Plaintiff's Prior Lawsuits

Mr. Olson is a former marine, and he and his former spouse participated in Minnesota state-court divorce and child-custody proceedings in the late 1990s. (*See* Compl. at 12, 13, 15, 18–19; Ex. 1 at 14–42.) Because he believes that his rights were violated during those proceedings, he became an active *pro se* litigant in state and federal courts in the early 2000s. (*See* Compl. Ex. 1 at 13–14.) He also recently filed a lawsuit in this District, which was dismissed. (*Id.* at 3–12, 43–47.) A few of those cases, as outlined below, provide helpful context for this matter.

#### 1. The 2004 Lawsuit (Case No. 04-cv-1082)

In 2004, Mr. Olson brought a Section 1983 claim in federal district court against an individual and a law firm relating to alleged psychological evaluations conducted on his child, which allegedly prevented him from being able to have unsupervised visits with his child. (June 25, 2004 Order Granting Defs.' Mot. Dismiss [04-cv-1082, Doc. No. 23] ("2004 Order") at 1.) Defendants argued that the Section 1983 claim failed because they were not persons acting under color of state law. (*Id.* at 1–2.) The court agreed and granted Defendants' motion to dismiss. (*Id.* at 2–3.) But the court emphasized that Mr. Olson had recently filed a similar lawsuit in the District of Minnesota, which was dismissed with prejudice, and had filed numerous frivolous lawsuits in state court. (*Id.* at 2.) Consequently, the court ordered that "Plaintiff may not file any further lawsuits in this District without first receiving permission of the Court to do so" (the "injunction"). (*Id.* at 3.)

Mr. Olson appealed that decision, and the Eighth Circuit affirmed. (Notice Appeal [04-cv-1082, Doc. No. 25]; *Olson v. Ellingboe*, 119 F. App'x 856, 856 (8th Cir. 2005).) However, the Eighth Circuit modified the injunction: "we believe it is appropriate to modify the district court's injunction so that it prohibits Olson, without first obtaining leave of court, from filing any further lawsuits in the district court when those lawsuits involve matters related to his state-court custody and divorce proceedings." *Olson*, 119 F. App'x at 856. Mr. Olson never sought review of the Eighth Circuit's decision.

Approximately 15 years later, in accordance with the injunction, Mr. Olson filed a letter with the Court requesting permission to file a new lawsuit in the District, seeking resolution of the following issue: "Should Federal Judges, Federal Appellate Judges and United States Supreme Court Justices and Chief Justices be selected by Appellate Judges and Justices of The United States Supreme Court?" (May 18, 2020 Letter [04-cv-1082, Doc. No. 32]; May 18, 2020 Motion [04-cv-1082, Doc. No. 33] at 1.) The court granted Plaintiff's request, noting that the issue presented "does not appear to be related in any way to his state-court custody and divorce proceedings." (May 19, 2020 Order [04-cv-1082, Doc. No. 34] at 1.) Thus, the court found that the proposed lawsuit was not subject to the court's injunction and therefore permitted Mr. Olson to file it. (*Id.* at 1–2.)

### 2. The 2020 Lawsuit (Case No. 20-cv-1249)

On May 26, 2020, Mr. Olson filed a new complaint against the United States in federal district court, which focused exclusively on the judicial appointment of judges. (Compl. [20-cv-1249, Doc. No. 1] at 1.) The United States moved to dismiss. (Def.'s Mot. Dismiss [20-cv-1249, Doc. No. 8].) While that was motion was pending, Mr. Olson filed

3

an Amended Complaint. (Am. Compl. [20-cv-1249, Doc. No. 24].) The Amended Complaint added Hennepin County as a defendant, alleging "that Hennepin County broke long standing law with standing [sic] upon judicial proceedings in dissolution matters." (*Id.* at 1.)

The matter was referred to the magistrate judge and, at the hearing, Mr. Olson focused in part on his Minnesota state-court divorce and child-custody proceedings to argue that the Court should modify how Minnesota selects its district court judges. (R&R [20-cv-1249, Doc. No. 40] at 7.) Relevant here, the magistrate judge recommended that the court dismiss the operative complaint, explaining that Mr. Olson lacked standing, the court lacked jurisdiction under the *Rooker-Feldman* doctrine, and the claims failed as a matter of law. (*See generally* R&R.)

Mr. Olson objected to the R&R. (Obj. [20-cv-1249, Doc. No. 41].) In his objection, Mr. Olson made similar arguments to those raised in this lawsuit, including that his federal constitutional rights were violated during the state-court proceedings. (*See id.* at 2–3.) Specifically, Mr. Olson recounted the alleged injustice he faced during the Minnesota state-court divorce and child-custody proceedings, including "false domestic abuse allegations" and that he "could not afford legal representation." (*Id.* at 1–2.) He alleged that jurisdiction was improper in Minnesota and that the proceedings were designed to embarrass him. (*Id.* at 2–3.) And this resulted in a "[l]oss of valuable visitation time with his son." (*Id.* at 3.)

The court overruled the objection, explaining that the objection was only vaguely related to the amended complaint and that "Olson cannot impose liability on Hennepin County based on the outcome of those state-court proceedings." (Order Adopting R&R

4

[20-cv-1249, Doc. No. 45] at 2.) Accordingly, the court granted the motion to dismiss. (Judgment [20-cv-1249, Doc. No. 55].)

Mr. Olson appealed the district court's decision. (Notice Appeal Fed. Cir. [20-cv-1249, Doc. No. 57]; Notice Transfer [20-cv-1249, Doc. No. 65]; Transmittal Appeal 8th Cir. (20-cv-1249, Doc. No. 66].) The Eighth Circuit summarily affirmed under Eighth Circuit Rule 47A(a). (USCA Judgment [20-cv-1249, Doc. No. 68].) Mr. Olson then filed a petition for certiorari, which was denied on December 7, 2021. (Notice Filing Pet. Cert. (20-cv-1249, Doc. No. 70]; Notice Denying Cert. [20-cv-1249, Doc. No. 71].)

### C.     The Complaint

Less than one week later, on December 13, 2021, Mr. Olson commenced this lawsuit by filing the Complaint.[1] (Compl. at 1.) He presents two questions to the Court: (1) whether Defendant Hennepin County violated his constitutional rights during his Minnesota state-court divorce and child-custody proceedings; and (2) whether the Court violated his constitutional rights by enjoining him from filing future lawsuits in this District without first receiving permission from the Court.[2] (*Id.* at 2.) Concerning the first issue, Mr. Olson directs the Court to review orders issued in Hennepin County District Court

---

[1]     Mr. Olson's Complaint lacks clarity, but the Court has liberally construed it to assert two claims. *See Gerstner v. Sebig, LLC*, 386 F. App'x 573, 575 (8th Cir. 2010) (explaining that district courts must liberally construe *pro se* complaints).

[2]     Mr. Olson alleges that the "United States" enjoined him; however, the Court issued the injunction under its inherent authority. *See In re Tyler*, 839 F.2d 1290, 1292, 1293 (8th Cir. 1988) (explaining that a federal court "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process").

concerning his state-court divorce and child-custody proceedings.³ (*See id.* at 11.) As to the second issue, Mr. Olson directs the Court to review recent federal orders issued by this Court and the Eighth Circuit. (*See id.*)

### D. Defendant's Motion to Dismiss

Defendant filed this motion to dismiss, seeking dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Def.'s Mot. at 1; Def.'s Mem. [Doc. No. 10] at 7–16.) Under Rule 12(b)(1), Defendant contends that this Court lacks jurisdiction under the injunction and under the *Rooker-Feldman* doctrine. (*Id.* at 7–11.) Alternatively, Defendant moves for dismissal under Rule 12(b)(6) for failure to state any plausible claim against Hennepin County.⁴ (*Id.* at 11–16.)

## II. DISCUSSION

### A. Legal Standard

Federal courts have " 'limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.' " *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal cases only proceed when the court is assured that it has subject matter jurisdiction. *Turner v.*

---

³ Mr. Olson also requests that the Court review an order issued by the Honorable Paul A. Magnuson, "dated 4-2-2004." (Compl. at 11.) However, there is nothing in this record, or the public record, that establishes that such an order exists. Moreover, this Court has no jurisdiction to consider an appeal of a colleague's order.

⁴ After Defendant filed this motion to dismiss, Plaintiff filed his Motion for Summary Judgment. Because the Court grants Defendant's motion to dismiss, the Court denies Plaintiff's motion for summary judgment as moot.

*Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991). And the plaintiff has the burden of proof to show that jurisdiction exists. *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir. 1990).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for lack of subject matter jurisdiction. When considering a Rule 12(b)(1) motion, a district court may consider matters outside the pleadings. *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980). There is "no presumptive truthfulness" that "attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Osborn*, 918 F.2d at 730 (internal quotation marks omitted).

### B. Analysis

Mr. Olson identifies two issues for the Court. Each issue is considered in turn.

### 1. Whether Hennepin County violated Plaintiff's constitutional rights during the Minnesota state-court divorce and custody proceedings

Under the *Rooker-Feldman* doctrine, federal courts cannot "exercis[e] jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' " *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). In other words, federal courts may not act as appellate courts for state court decisions. *See Friends of Lake View Sch. Dist. Incorporation No. 25 of Phillips Cnty. v. Beebe*, 578 F.3d 753, 758 (8th Cir. 2009) (affirming subject matter jurisdiction because the action was "not an attempt to appeal").

This doctrine applies when the claim before the federal court is "inextricably intertwined" with the claim already decided in the state court. *Ballinger v. Culotta*, 322 F.3d 546, 548–49 (8th Cir. 2003). The state and federal claims are inextricably intertwined when finding for the plaintiff in federal court necessarily means finding that the state court's decision was wrong. *Id.* at 549. And the *Rooker-Feldman* doctrine often precludes federal district court jurisdiction on claims related to state-court child-custody decisions. *See, e.g.*, *Ballinger*, 322 F.3d at 548–49; *Christ's Household of Faith v. Ramsey Cnty.*, 618 F. Supp. 2d 1040, 1043–47 (D. Minn. 2009); *Cassell v. Cty. of Ramsey*, Civ. No. 10-4981 (JRT/TNL), 2011 WL 7561261, at *10–16 (D. Minn. Nov. 2, 2011), *R&R adopted*, 2012 WL 928242 (D. Minn. Mar. 19, 2012), *aff'd*, 490 F. App'x 842 (8th Cir. 2012).

The *Cassell* case is instructive. There, the *pro se* plaintiff, Cassell, brought a multitude of federal and state law claims against numerous defendants based on an alleged conspiracy to infringe on Cassell's civil rights stemming from a state-court child custody decision. *See Cassell*, 2011 WL 7561261 at *1–2. Relevant here, the court found that plaintiff's claims were "explicitly and inextricably intertwined" with the at-issue state-court orders. *Id.* at *10. Moreover, the court found Cassell's complaint to be "fundamentally about [his] dissatisfaction with his state court proceedings," and held that the court lacked subject matter jurisdiction over Cassell's claims. *Id.* at *9–11.

Here, Plaintiff's constitutional and federal law claims are fundamentally about his dissatisfaction with his divorce and child-custody decisions. Plaintiff repeatedly focuses on those proceedings when explaining his claims. For example, Plaintiff asserts that his constitutional rights have been violated, arguing that Hennepin County had no jurisdiction

8

to hear the matter ("This Petitioner agreed to allow Hennepin County to prove they had jurisdiction and Hennepin County never did"), he was deprived of due process ("Petitioner was accused of domestic assault but no trial ensued and no attorney assigned"), the judge was biased ("The judge had already decided to paint [Mr. Olson] in the Dissolution case as non-cooperative"), the system was biased ("it was all controlled and combative from the relatives and that is how Hennepin County wanted it"), and all of the evidence was not considered ("the whole story was not told"). (Compl. at 12, 15, 16, 19.) As a result, he contends that "Hennepin County took away [his] right to see his son unsupervised . . . ." (*Id.* at 12.)

What is clear from these allegations is that they are inextricably intertwined with his Minnesota state-court divorce and child-custody proceedings. Although Mr. Olson tries to reframe them as issues separate from those proceedings, they are not. Put differently, if the Court were to agree with Plaintiff, it would necessarily be directly reversing the state-court decisions or addressing issues that are inextricably intertwined with those decisions, which is exactly what the *Rooker-Feldman* doctrine bars. See *Feldman*, 460 U.S. at 482 n.16 ("If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's [ruling], then the District Court is in essence being called upon to review the state court decision. This the District Court may not do."). Furthermore, the injunction explicitly requires Mr. Olson to receive approval from this Court to file such a lawsuit. And Mr. Olson has not done so. Accordingly, this Court lacks jurisdiction to consider the first issue. See *Cassell*, 2011 WL 7561261, at *9 ("*Only* the

United States Supreme Court has appellate jurisdiction over final judgments and decrees of state courts, and only on matters of federal law." (emphasis in original)).

### 2. Whether the Court violated Plaintiff's rights by enjoining him from filing future lawsuits in the District of Minnesota

Mr. Olson alleges that his constitutional rights were violated by the injunction because he "was not allowed to file a case in United States Federal Court for almost 20 years." (Compl. at 11.) This Court does not have jurisdiction over this issue. In brief, this Court enjoined Mr. Olson on June 25, 2004. (*See* 2004 Order [04-cv-1020, Doc. No. 23].) Mr. Olson timely appealed that injunction. (Notice Appeal [04-cv-1082, Doc. No. 25].) The Eighth Circuit considered the issue, modified the injunction, and entered judgment on January 25, 2005. *Olson*, 119 F. App'x at 856. At that time, Mr. Olson had 90 days to file a petition for a writ of certiorari seeking review of the Eighth Circuit's decision by the United States Supreme Court. U.S. Sup. Ct. R. 13. He failed to do so. The Eighth Circuit decision stands and is binding on this Court.

To the extent the second issue arises from the Eighth Circuit's judgment in case number 20-cv-1249—as suggested by Plaintiff—the Court also lacks jurisdiction. There, the district court entered judgment on February 1, 2021. (Judgement [20-cv-1249, Doc. No. 55].) Mr. Olson timely appealed that judgment. (Notice Appeal Fed. Cir. [20-cv-1249, Doc. No. 56]; Transmittal Appeal 8th Cir. [20-cv-1249, Doc. No. 66].) The Eighth Circuit summarily affirmed and entered judgment on June 3, 2021. (USCA Judgment [20-cv-1249, Doc. No. 68].) Mr. Olson then timely filed a petition for certiorari, which was

denied. (Notice Filing Pet. Cert [20-cv-1249, Doc. No. 70]; Notice Denying Cert. [20-cv-1249, Doc. No. 71].) Again, the Eighth Circuit's decision is binding on this Court.

For these reasons, the Court lacks subject matter jurisdiction with respect to both issues raised in the Complaint and therefore grants Defendant's motion to dismiss.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Hennepin County's Motion to Dismiss [Doc. No. 8] is **GRANTED**; and

2. Plaintiff Jeffrey Olson's Motion for Summary Judgment [Doc. No. 17] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: June 14, 2022

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge